FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

EDWARD ERIC ELORREAGE,

                Plaintiff,

    -against-

METROPOLITAN DETENTION CENTER; JANE DOE,
Director of Medical Staff of M.D.C.; U.S. STATE OF
DIPLOMATIC SECURITY; and SPECIAL AGENT
CRAIG S. BELCHER,

                Defendants.

------------------------------------------------------------------ X

12-CV-3344 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

On June 5, 2012, Edward Eric Elorreage ("plaintiff"), filed this pro se complaint in the United States District Court for the Southern District of New York. It was transferred to this court on July 6, 2012. Plaintiff's application to proceed in forma pauperis is granted. The Metropolitan Detention Center ("MDC") and the "U.S. Department of Diplomatic Security"[1] are dismissed as defendants. Plaintiff's claims against defendant Special Agent Craig S. Belcher and Jane Doe, the director of the MDC's medical staff, may proceed.

## BACKGROUND

It is difficult to comprehend fully the nature of plaintiff's claims. Plaintiff alleges that he was arrested on March 23, 2011, and thrown to the ground "by the federal officer," presumably Special Agent Craig Belcher. Compl. ¶ III.A. He states that he had a pre-existing condition, that he "fe[lt] like something rip[pped] off inside" when he was arrested, and that he was accused of "pretending" when he told the arresting officers about it. Id. Plaintiff states that he was taken to

---

[1] The court assumes this to be a reference to the United States Diplomatic Security Service, the law enforcement arm of the Department of State.

1

the MDC and seen by a nurse on the day of his arrest. Compl. ¶ III.C. They allegedly ignored his requests for "the right medical treatment." Id.

That same day, Plaintiff was arraigned in a criminal proceeding before this court, United States v. FNU LNU, a/k/a Edward Eric Elorreage, etc., No. 11-CR-242 (ARR). He states that I sent a memorandum to the facility after I saw his condition and that the MDC's medical director accused him of manufacturing the memorandum and forging my signature. Id.

Plaintiff further alleges that, on December 11, at about 4:00 a.m., he lost his balance and fell to the ground, face first. Compl. ¶ IV. He was seen by medical staff at the facility, who tried "to push the knot that I have on my abdominal area by force." Id. At his insistence, plaintiff was eventually taken to the hospital, where he had "a major operation." Id. After the operation, the doctor told him that there would be complications and that he would be unable to work. Id.

Plaintiff seeks $10 million in compensation for the trauma that he suffered and because he is "no [longer] able to work." Compl. ¶ V.

## DISCUSSION

I.  Standard of Review

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The court is required to read a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests, particularly where, as here, plaintiff's complaint may be read to allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Upon review, however, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails

to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under PLRA, sua sponte dismissal of frivolous prisoner complaints is mandatory). Similarly, a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

II. Constitutional Claims

Plaintiff's claims may be construed as claims for excessive force and deliberate indifference to his medical needs under the Fourth, Fifth, and Eighth Amendments.[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), permits recovery for certain constitutional violations by federal agents in the absence of any statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18 (1980). Like actions brought against state officials pursuant to 42 U.S.C. § 1983, Bivens claims must be brought against the individuals personally responsible for the alleged deprivation of plaintiff's constitutional rights and not against the federal government or its agencies. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) ("Because the doctrine of respondeat superior does not apply in Bivens actions, a plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Plaintiff's claims against the MDC and the Diplomatic Security Service must, therefore, be dismissed. Because plaintiff levies specific allegations

---

[1] To the degree that some of plaintiff's claims of inadequate medical care appear to arise from his period of pre-trial detention, those claims are properly addressed under the Fifth Amendment's Due Process Clause, rather than the Eighth Amendment. "This distinction is not significant, however, since the analysis of a pre-trial federal detainee's claim of deliberate indifference to his medical needs under the Due Process Clause of the Fifth Amendment is the same as that for a convicted federal inmate under the Eighth Amendment." Gumbs v. Dynan, No. 11-CV-857, 2012 U.S. Dist. LEXIS 120664, at *30 (E.D.N.Y. Aug. 26, 2012)

against the MDC's medical staff director and Special Agent Belcher, plaintiff's claims against them may proceed.

III.     Possible Claims Under the Federal Tort Claims Act

In light of plaintiff's pro se status, the court has also considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his administrative remedies within the appropriate federal agency, see 28 U.S.C. § 2675(a); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant. In this case, plaintiff has not indicated whether he has exhausted his claims by filing an administrative claim with the relevant agencies and what resolution, if any, he received. Accordingly, it is impossible to determine if his claim was properly exhausted, such that plaintiff could pursue relief under the FTCA.

**CONCLUSION**

Plaintiff's claims against the MDC and the United States Diplomatic Security Service are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against those defendants. The Clerk of Court is directed to amend the caption to reflect their dismissal.

To the extent that plaintiff seeks to pursue a remedy pursuant to the FTCA, he may file an

amended complaint in which he also names the United States as a defendant. The amended complaint must provide information about any administrative tort claims he has pursued or other efforts he has made to exhaust his administrative remedies. He should also include any available documentary evidence. Plaintiff is reminded that any amended complaint he files will completely replace his original complaint and must include all of the claims that he wishes to pursue. It must be captioned "Amended Complaint" and shall bear the same docket number as this order.

Plaintiff's claims shall proceed against the remaining defendants. The Clerk of Court is directed to issue a summons to the named defendant and to mail a courtesy copy of this order and the complaint to the United States Attorney for the Eastern District of New York. The United States Marshals Service shall serve, on the named defendant, the summonses, together with plaintiff's complaint and this order.

The United States Marshals Service will not be able to serve the Jane Doe defendant without further identifying information. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant. Accordingly, the court requests that the United States Attorney for the Eastern District of New York ascertain the full name of the individual whom plaintiff has partially identified as the director of the MDC medical staff and to provide the address where she may be served, within 45 days of the date of this order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the defendant's full name, a summons shall be issued, and the court shall direct service on the defendant.

The court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be

taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

S/Judge Ross<br>
Allyne R. Ross<br>
United States District Judge

Dated:     August 27, 2012<br>
             Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Edward Erie Elorreage
168-30 Gothie Dr.
Jamaica, NY 11432